24-1624
*Zavala-Gutierrez v. Blanche*

BIA
Ouslander, IJ
A220 321 060/220 452 710/220 461 409

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of July, two thousand twenty-six.

PRESENT:
> DENNY CHIN,
> SUSAN L. CARNEY,
> BETH ROBINSON,
> > *Circuit Judges.*

_____

ZULEMA ZAVALA-GUTIERREZ,
CRISTHOFFER ADONIS MADRID-
ZAVALA, W. M.-Z.*,
> *Petitioners*,

v.                                                                          **24-1624**
                                                                                **NAC**

_____

* We have used only initials to refer to the minor petitioner in this publicly accessible order, in accordance with Federal Rule of Civil Procedure 5.2(a)(3) and Federal Rule of Appellate Procedure 25(a)(5).

**TODD BLANCHE, ACTING UNITED STATES ATTORNEY GENERAL,**
    *Respondent.*

_____

**FOR PETITIONERS:**          Bruno J. Bembi, Esq. Hempstead, NY.

**FOR RESPONDENT:**         Yaakov Roth, Acting Assistant Attorney General; Jennifer Levings, Assistant Director; Robert P. Coleman III, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Zulema Zavala-Gutierrez, her adult son Cristhoffer Adonis Madrid-Zavala, and her minor son, natives and citizens of Honduras, seek review of a June 5, 2024, decision of the BIA affirming an October 19, 2022, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zulema Zavala-Gutierrez, et al.*, Nos. A 220 321 060/220 452 710/220 461 409 (B.I.A. June 5, 2024), *aff'g* Nos. A 220 321 060/220 452 710/220 461 409 (Immig. Ct. N.Y. City Oct. 19, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified and supplemented by the BIA.  *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).  We review factual findings, including nexus determinations, for substantial evidence.  *See Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018); *Edimo-Doualla v. Gonzales*, 464 F.3d 276, 282 (2d Cir. 2006).  "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B).

An applicant for asylum and withholding of removal must show past persecution or a fear of future persecution and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant."  8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b), 1208.16(b); *Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022) (holding that the "one central reason" standard applies to both asylum and withholding of removal).  The applicant must prove "a sufficiently strong nexus" between the persecution and a protected ground.  *Castro v. Holder*, 597 F.3d 93, 100 (2d Cir. 2010).  "Whether the requisite nexus

3

exists depends on the views and motives of the persecutor." *Paloka v. Holder*, 762 F.3d 191, 196–97 (2d Cir. 2014) (quotation marks omitted).

Unlike asylum and withholding of removal, CAT relief does not require a nexus to a protected ground. *See* 8 C.F.R. § 1208.16(c)(2). Instead, applicants "bear[] the burden of proving" that they "more likely than not would be tortured by, or with the acquiescence of, government officials acting in an official capacity." *Quintanilla-Mejia v. Garland*, 3 F.4th 569, 592 (2d Cir. 2021) (citation omitted); *see* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1).

Substantial evidence supports the agency's determination that petitioners' fear of gang violence based on the attempted recruitment of Madrid-Zavala does not have a nexus to a protected ground. *See Edimo-Doualla*, 464 F.3d at 282. Evidence that a gang has general criminal motives, like recruitment, undercut a claim of nexus to a protected ground. *See Quituizaca*, 52 F.4th at 114–15. "[W]hile certain segments of a population may be more susceptible to one type of [gang] criminal activity than another, where the residents all generally suffer from the gang's criminal efforts to sustain its enterprise, the significant societal problems that result may not support relief in the form of asylum or withholding of removal." *Quintanilla-Mejia*, 3 F.4th at 590 (quotation marks omitted); *Matter*

4

*of Acosta*, 19 I. & N. Dec. 211, 222 (B.I.A. 1985) (persecution is harm inflicted to "punish" a person "for possessing a characteristic a persecutor sought to overcome"). Petitioners attempt to distinguish themselves from the general Honduran population by connecting the threats against Madrid-Zavala to the shootings of Zavala-Gutierrez's brothers in the 1990s. However, any connection is speculative—Zavala-Gutierrez's brothers were shot by members of MS-13 in the 1990s and petitioners did not allege or establish a link between MS-13 and Los Barbones, petitioners do not allege that the gang members who threatened and attacked Madrid-Zavala referenced the earlier shootings, and more than 20 years passed between the shootings and the attempted recruitment of Madrid-Zavala.

For similar reasons, substantial evidence also supports the agency's determination that petitioners did not establish a nexus to an actual or imputed anti-gang political opinion. "To demonstrate that persecution, or a well-founded fear of persecution, is on account of an applicant's political opinion, the applicant must show that the persecution arises from his or her own political opinion," actual or imputed. *Hernandez-Chacon v. Barr*, 948 F.3d 94, 102 (2d Cir. 2020) (quotation marks omitted). Opposition to gangs does not amount to a political opinion unless the applicant's beliefs and actions were (or were perceived to have

5

been) taken with "some political ambition in mind," such as when the applicant sought to organize others or publicize a widespread gang problem extending beyond their own situation. *Zelaya-Moreno v. Wilkinson*, 989 F.3d 190, 199–201 (2d Cir. 2021). Here, petitioners did not allege that they voiced any opposition to the gang except to the extent that Madrid-Zavala refused to join. That refusal alone is not sufficient to show that the gang perceived him to hold a political opinion and targeted him on that basis, rather than to expand its ranks. "[O]pposition to criminal elements such as gangs, even when such opposition incurs the enmity of these elements, does not thereby become political opposition simply by virtue of the gang's reaction." *Id.* at 201; *see also Quituizaca*, 52 F.4th at 115.

As the BIA determined, the failure to establish a nexus to a protected ground was dispositive of asylum and withholding of removal. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); *Quituizaca*, 52 F.4th at 109–14.

Moreover, even assuming that petitioners' conclusory statement regarding CAT relief is sufficient to preserve the claim for review, substantial evidence supports the agency's denial of CAT relief. *See Quintanilla-Mejia*, 3 F.4th at 583. "A private actor's behavior can constitute torture under the CAT without a government's specific intent to inflict it if a government official is aware of the

persecutor's conduct and intent and acquiesces in violation of the official's duty to intervene." *Pierre v. Gonzales*, 502 F.3d 109, 118 (2d Cir. 2007); *see also* 8 C.F.R. § 1208.18(a)(1), (7). Thus, to succeed on this claim, petitioners had to show that the Honduran government would be aware of the gang's conduct and choose not to act or otherwise protect them. *See Pierre*, 502 F.3d at 118; *see also* 8 C.F.R. § 1208.18(a)(1). They did not make such a showing.

Petitioners alleged that, in June 2021, Zavala-Gutierrez filed a police report after a gang member came to the family's home and threatened them, and "the police promised they would look for the gang members" but never investigated. This single incident of a crime that may not have been fully investigated does not establish that the authorities will acquiesce to their torture. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) ("Evidence that the police were aware of a particular crime, but failed to bring the perpetrators to justice, is not in itself sufficient to establish acquiescence in the crime."); *cf. Scarlett v. Barr*, 957 F.3d 316, 331 (2d Cir. 2020) (in addressing the unable-or-unwilling-to-protect standard for asylum and withholding of removal, holding that an applicant has to "show more than government failure to act on a particular report of an individual crime, or difficulty controlling private behavior" (alterations and quotation marks

7

omitted)).   In sum, the sparse evidence proffered by petitioners does not compel the conclusion that the Honduran government would participate in or acquiesce to their torture.

For the foregoing reasons, the petition for review is DENIED.   All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court